```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROYCE CORLEY,
```
                  Plaintiff,                  **MEMORANDUM & ORDER**

        -against-                         **16-CV-3367 (NGG) (SMG)**

HARRY J. FARRELL; ANDREW
O'CONNELL; LUCIA E. PAGANO; JAMES
SLEVIN, JOHN CAPRA, ROBERT FARRELL;
LISA VELLA; ROBERT STAHL; JAMES
SHILLITO; ANTHONY PEDAGNA; PAUL
ALBANO; JOHN DOE 1, in their individual and
official capacity as agents and representatives of
the Utility Workers Union of America (UWUA);
and its Local Union No. 1-2; affiliated with the
American Federation of Labor and Congress of
Industrial Organizations (AFL-CIO); MICHAEL
STANISICH; MARY ADAMO; LORETTA
VANACORE; CLAUDE TRAHAN; MICHAEL
T. HAGGERTY; WALTER PANCHYN;
HENRY DONG; ETWARIA S. SEENAUTH;
FRANK CARMELLO; JOHN DOE 2, in their
individual and official capacity as officers,
supervisors and management-employees of
Consolidated Edison Company of New York,
Inc.,

                  Defendants.
---------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

        On June 16, 2016, Plaintiff Royce Corley—who is presently incarcerated at the Federal Correctional Institution at Danbury, Connecticut—filed this pro se action against his former employer and employees of the labor union that previously represented him, pursuant to the Labor Management Relations Act ("LMRA"), the Labor Management Reporting and Disclosure Act ("LMRDA"), the Family and Medical Leave Act ("FMLA"), and New York law. (See

1

Compl. (Dkt. 1) ¶ 1.) Plaintiff alleges that his former employer violated the FMLA and breached the collective bargaining agreement between the employer and the union, and that the union breached its duty of fair representation. (Id. at ¶¶ 7, 9.) The court GRANTS Plaintiff's motion for leave to proceed in forma pauperis. (See Mot. for Leave (Dkt. 2).) However, for the reasons set forth below, the court DISMISSES the Complaint for failure to state a claim upon which relief may be granted. Plaintiff may amend his complaint within 30 days of entry of this Memorandum and Order, as detailed below.

I. **BACKGROUND**

The following facts are drawn from the Complaint and are taken as true for the purposes of this Memorandum and Order. On December 12, 2008, Plaintiff began employment with Consolidated Edison Company of New York, Inc. ("Con Ed"). (Compl. ¶ 12.) On March 12, 2009, he became a member of Local Union 1-2 of the Utility Workers Union of America (the "Union"). (Id. ¶ 14.) On June 17 and 18, 2010, Plaintiff requested sick leave. (Id. ¶ 16.) On June 18, 2010, Plaintiff was required to report to Con Ed's occupational health center where, after evaluation, the physician required Plaintiff to work on June 21, 2010, with medical restrictions. (Id. ¶ 17.) Upon his return to work, Plaintiff's supervisor informed him that he had been deemed absent without leave for two hours on June 18, 2010. (Id. at ¶ 18.) On July 6, 2010, Plaintiff was suspended for three days without pay because of the previous absence as well as for insubordination and failure to timely notify Con Ed of a sick day. (Id. ¶ 20.) On July 30, 2010, the Union filed two grievances on Plaintiff's behalf in regard to his suspensions. (Id. ¶ 39.)

On November 30, 2011, and December 1, 2011, Plaintiff called Con Ed before his shift to report that he was having difficulty securing childcare and requested permission either to take

leave or to arrive several hours late for his shift. (Id. ¶ 22.) Plaintiff's request was denied. (Id.) On January 9, 2012, Plaintiff was suspended for three weeks for attendance related issues. (Id. ¶ 23.)

On January 25, 2012, Plaintiff was arrested at work and was thereafter arraigned on two counts of promoting prostitution in the third degree. (Id. ¶¶ 26-27.) On May 30, 2012, Plaintiff's employment was terminated. (Id. ¶ 30.) On or about June 1, 2012, the Union filed a notice of arbitration on Plaintiff's behalf regarding his termination. (Id. ¶ 49.) On February 1, 2013, the Manhattan District Attorney's office dropped the charges against Plaintiff. (Id. ¶ 34.)

Plaintiff alleges that between December 12, 2008, and May 30, 2012, Con Ed failed to properly post notices regarding an individual's rights under the FMLA. (Id. ¶ 35.) In addition, Plaintiff alleges that his FMLA rights were violated when he was denied leave to take care of his infant. (Id. ¶ 38.) Finally, Plaintiff maintains that the Union and its officials failed to adequately represent him both pre-and post-termination. (Id. ¶ 63.)

## II. STANDARD OF REVIEW

Because pro se complaints are held to less stringent standards than pleadings drafted by attorneys, the court reads the Complaint liberally and interprets it as raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in the Complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Nonetheless, even a pro se complaint must plead sufficient facts to "state a claim to relief that is plausible on its

face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an action brought in forma pauperis where the court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## III. DISCUSSION

### A. Labor Management Relations Act

Plaintiff's claims that his employer breached the collective bargaining agreement and that the Union breached its duty of fair representation "combine to create a single 'hybrid' cause of action under § 301 of the LMRA." Rosario v. Local 1106 Transport Works of Am., 29 F. Supp. 3d 153, 158 (E.D.N.Y. 2014) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-71 (1983)). To prevail in a hybrid § 301 claim, Plaintiff "must not only show that [his] discharge [by the employer] was contrary to the contract, but must also carry the burden of demonstrating a breach of duty by the union." DelCostello, 462 U.S. at 164-65 (internal quotation marks and citations omitted). Even if the union is not named in the suit, courts in the Second Circuit have held that "the mere presence of an arbitration clause is sufficient to render an employee's claim a hybrid claim[.]" United Auto., Aerospace & Agric. Implement Workers v. R.E. Dietz Co., 996 F.2d 592, 596 (2d Cir. 1993); see also Lever v. Entergy Nuclear Operations Inc., No. 15-CV-3327 (KAM), 2016 WL 1627619, at *4 (E.D.N.Y. Apr. 22, 2016).

Here, to the extent that Plaintiff seeks to bring a hybrid claim, he may not bring such a claim against the individually named Defendants. See Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 388 n.10 (2d Cir. 2015) (noting that a duty of fair representation claim may be stated

4

only against a union and not against individual defendants (citing Morris v. Local 819, Int'l Bhd. of Teamsters, 169 F.3d 782, 784 (2d Cir. 1999) (per curiam))); Knight v. Vaugh, No. 15-CV-4995 (PKC), 2015 WL 5826486, at *2-3 (E.D.N.Y. Oct. 6, 2015) (same).

Furthermore, hybrid claims against an employer and a union are subject to a six-month statute of limitations. See McLeod v. Verizon N.Y., Inc., 995 F. Supp. 2d 134, 142 (E.D.N.Y. 2014) ("[T]he appropriate statute of limitations for 'hybrid' actions, i.e., cases involving both claims against the employer under Section 301 and claims against the union for breach of the duty of fair representation, is six months."). "The six-month clock begins to run from the time when the union member knew or reasonably should have known that a breach of the duty of fair representation had occurred." Id. at 143 (internal quotation marks and citation omitted). Plaintiff's employment was terminated on May 30, 2012. (Compl. ¶ 30.) Accordingly, the six-month limitations period expired long before June 16, 2016, when Plaintiff filed his Complaint.

### B. Family Medical Leave Act

The FMLA was enacted by Congress in 1993 "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 U.S.C. § 2601(b)(1). In order to bring a successful claim under the FMLA, a plaintiff employee must demonstrate "(1) that the employer interfered with, restrained, or denied the rights protected by the FMLA, and (2) that the employee has been prejudiced by the violation." Roberts v. Health Ass'n, 308 F. App'x 568, 569 (2d Cir. 2009) (citing Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002)).

The FMLA allows covered employees to take up to 12 weeks of leave per year to care for the employee's own serious health condition or to care for a parent, spouse, or child who has a serious health condition. Higgins v. NYP Holdings, Inc., 836 F. Supp. 2d 182, 193 (S.D.N.Y. 2011) (citing 29 U.S.C. § 2612). Upon return from FMLA leave, an employer must restore an employee to her former job or another position with equivalent pay, benefits, and conditions of employment. 29 U.S.C. § 2614(a)(1). An employer who fails to provide an employee FMLA leave may be held liable for damages. Id. § 2617.

"To be timely, suits under the FMLA must be filed within two years of the last occurrence constituting an alleged violation of the act, unless the violation was 'willful,' in which case the limitations period is extended to three years." Higgins, 836 F. Supp. 2d at 191 (citing 29 U.S.C. § 2617(c)(1)-(2)). Here, the last event constituting an alleged violation of the act was Plaintiff's termination, which occurred on May 30, 2012. (See Compl. ¶ 30.) Thus, even assuming that Plaintiff adequately alleged a "willful violation" of the FMLA, the latest deadline to file his claim was May 30, 2015. Because Plaintiff did not file this action until June 16, 2016, the statute of limitations on his FMLA claim has expired.

### C. Labor Management Reporting and Disclosure Act

Title I of the LMRDA, 29 U.S.C. § 411 et seq.—known as the "Bill of Rights" for labor unions—protects union members' equal rights to participate in union self-governance, see id. § 411(a)(1), their freedom to assemble and to voice "any views, arguments, or opinions" related to union matters, see id. § 411(a)(2), and from being disciplined without certain procedural due process safeguards, see id. § 411(a)(5). Congress's intent in enacting Title I was to protect union members from oppressive union leadership while permitting the unions to adopt reasonable rules of governance. Sampson v. Dist. Council of N.Y.C. & Vicinity of United Bhd. of Carpenters &

Joiners of Am., No. 10-CV-8120 (LAP), 2012 WL 4471535, at *3 (S.D.N.Y. Sept. 27, 2012). Section 609 of the LMRDA also prohibits unions from disciplining members for exercising the rights enumerated in Section 101. See 29 U.S.C. § 529. Section 102 of the LMRDA provides a cause of action for individuals whose Title 1 rights have been infringed. 29 U.S.C. § 412.

Plaintiff asserts broadly that in July 2010, Union members and officials violated his rights under 29 U.S.C. § 411(a) and 29 U.S.C. § 529. (See Compl. ¶ 76.) However, because Plaintiff fails to allege any facts in support of this assertion, it is not possible for the court to determine the true gravamen of his LMRDA claim. Furthermore, even if Plaintiff had alleged sufficient facts to state a plausible claim under the LMRDA, such a claim appears to be time-barred. A three-year limitations period governs causes of action based upon alleged violations of a plaintiff's rights under 29 U.S.C. §§ 411(a)(1) and 411(a)(2). See Reed v. United Transp. Union, 488 U.S. 319, 323 (1989) (holding that actions brought under § 101(a)(2) of LMRDA are governed by state law limitations period applicable to personal injury actions); Phelan v. Local 305 of United Ass'n of Journeymen, 973 F.2d 1050 (2d Cir. 1992) (holding that three-year limitations period applicable to personal injury claims applied to union members' claim alleging conspiracy to deprive them of their LMRDA rights); c.f. Connor v. Elmhurst Dairy, Inc., No. 13-CV-4769 (ENV), 2016 WL 126373, at *3 (E.D.N.Y. Jan. 11, 2016) (holding that six-month statute of limitations applies to LMRDA action "where claims have directly implicated the collective bargaining relationship"). Here, Plaintiff alleges that his rights under the LMRDA were violated in July 2010. (See Compl. ¶ 76.) Accordingly, the limitations period expired long before Plaintiff filed this Complaint, even if the Complaint was adequately pleaded.

### D. State Law Claims

Plaintiff asserts claims for unpaid wages and insufficient notice of termination of employee benefits, pursuant to New York Labor Law. (See id. ¶¶ 81-82.) He also alleges violations of New York common law. (See id. ¶¶ 83-88.) However, having dismissed Plaintiff's federal claims, the court declines to exercise supplemental jurisdiction over these state law claims. See Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93, 102 (2d Cir. 2014) ("A court 'may decline to exercise supplemental jurisdiction,' . . . if, among other factors, . . . 'the district court has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c))). Having considered "the values of judicial economy, convenience, fairness, and comity" in deciding whether to exercise supplemental jurisdiction, Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988), the court finds that none of these values would be served here, where the litigation has not advanced beyond the filing of the Complaint.

### E. Leave to Amend

In light of Plaintiff's pro se status, he is granted 30 days leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593, 597-98 (2d Cir. 2000). Plaintiff is advised that any amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and must "plead enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff's amended complaint must provide the relevant dates and location of each event, name proper defendants, and provide sufficient facts to support his claim that the Union and Con Ed violated his rights under the LMRA, the LMRDA, the FMLA, and state law. Finally, he must provide addresses for each defendant named.

Furthermore, Plaintiff must state why his claims are not barred by the applicable statutes of limitations. If Plaintiff has a basis to equitably toll the limitations periods, he should explain

this basis in the amended complaint. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Memorandum and Order.

IV. **CONCLUSION**

Plaintiff's Complaint, filed in forma pauperis, is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted 30 days leave from the date of entry of this Memorandum and Order to file an amended complaint as detailed above. If Plaintiff fails to file an amended complaint within the time allowed, the court will enter judgment dismissing the action. No summons shall issue at this time and all further proceedings shall be stayed for 30 days.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of any such appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                    s/Nicholas G. Garaufis

Dated: Brooklyn, New York                 NICHOLAS G. GARAUFIS
       July 18, 2016                          United States District Judge