UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROYCE CORLEY,

                            Plaintiff,                          **MEMORANDUM & ORDER**

              -against-                                         **16-CV-3367 (NGG) (SMG)**

HARRY J. FARRELL; ANDREW
O'CONNELL; LUCIA E. PAGANO; JAMES
SLEVIN; JOHN CAPRA; ROBERT FARRELL;
LISA VELLA; ROBERT STAHL; JAMES
SHILLITTO; ANTHONY PEDAGNA; PAUL
ALBANO; JOHN DOE 1, in their individual and
official capacity as agents and representatives of
the Utility Workers Union of America (UWUA);
and its Local Union No. 1-2; affiliated with the
American Federation of Labor and Congress of
Industrial Organizations (AFL-CIO); MICHAEL
STANISICH; MARY ADAMO; LORETTA
VANACORE; CLAUDE TRAHAN; MICHAEL
T. HAGGERTY; WALTER PANCHYN;
HENRY DONG; ETWARIA S. SEENAUTH;
FRANK CARMELLO; JOHN DOE 2, in their
individual and official capacity as officers,
supervisors and management-employees of
Consolidated Edison Company of New York,
Inc.,

                            Defendants.
-------------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

On June 16, 2016, Plaintiff Royce Corley filed this pro se action against his former

employer and employees of the labor union that previously represented him, pursuant to the

Labor Management Relations Act ("LMRA"), the Labor Management Reporting and Disclosure

Act ("LMRDA"), the Family and Medical Leave Act ("FMLA"), and New York law.  (See

Compl. (Dkt. 1) ¶ 1.) On July 18, 2016, the court granted Plaintiff leave to proceed <u>in forma</u>

<u>pauperis</u> but dismissed the Complaint for failure to state a claim upon which relief may be

granted. (Mem. & Order (Dkt. 7).) Plaintiff was granted 30 days leave to amend the Complaint.

(<u>Id.</u> at 8-9.) Rather than file an amended complaint, Plaintiff moved for reconsideration of the

July 18, 2016, Memorandum and Order, pursuant to Local Rule 6.3. (Mot. for Recons. (Dkt. 9).)

For the reasons discussed below, Plaintiff's Motion for Reconsideration is DENIED.

## I.    LEGAL STANDARD

Local Rule 6.3 provides that within 14 days of the entry of an order, a party may move

for reconsideration identifying "the matters or controlling decisions which counsel believes the

Court has overlooked." Local Civil Rule 6.3. However, reconsideration of a previous order is an

"extraordinary remedy to be employed sparingly in the interests of finality and conservation of

scarce judicial resources." <u>NEM Re Receivables, LLC v. Fortress Re, Inc.</u>,

No. 15-CV-3875, 2016 WL 3144390, at *2 (S.D.N.Y. May 5, 2016) (quoting <u>In re Health Mgmt.</u>

<u>Sys. Inc. Sec. Litig.</u>, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). The primary grounds justifying

reconsideration are "an intervening change in controlling law, the availability of new evidence,

or the need to correct a clear error or prevent manifest injustice." <u>Kolel Beth Yechiel Mechil of</u>

<u>Tartikov, Inc. v. YLL Irrevocable Trust</u>, 729 F.3d 99, 104 (2d Cir. 2013) (quoting <u>Virgin Atl.</u>

<u>Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992)).

A request for reconsideration under Local Rule 6.3 must point to controlling law or

factual matters put before the court in that the movant believes the court overlooked, and that

might reasonably be expected to alter the conclusion reached by the court. <u>See</u> <u>Shrader v. CSX</u>

<u>Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995); <u>Anwar v. Fairfield Greenwich Ltd.</u>,

No. 09-CV-118, 2016 WL 674646, at *1 (S.D.N.Y. Feb. 16, 2016). Rule 6.3 must be narrowly

construed and strictly applied so as to "avoid duplicative rulings on previously considered issues" and prevent the rule from being used to advance theories not previously argued or "as a substitute for appealing a final judgment." Merced Irrigation Dist. v. Barclays Bank PLC, No. 15-CV-4878, 2016 WL 1317951, at *1 (S.D.N.Y. Apr. 1, 2016) (quoting Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002)).

## II. DISCUSSION

Plaintiff sets forth several arguments as to why the court should reconsider its Memorandum and Order, dated July 18, 2016. None of these arguments, which are addressed in turn below, justify reconsideration.

### A. Statute of Limitations

The court's Memorandum and Order found that Plaintiff's LMRA, LMRDA, and FMLA claims appeared to be time-barred. (Mem. & Order at 4-7.) Citing Abbas v. Dixon, 480 F.3d 636 (2d Cir. 2007), Plaintiff argues that reconsideration is warranted because the court erred as a matter of law in dismissing the Complaint sua sponte upon an affirmative defense, or by requiring Plaintiff to amend the Complaint in avoidance of such defense.[1] (Mot. for Recons. at 2.) Abbas held that district courts should typically not dismiss a complaint as time-barred unless the court provides a pro se plaintiff with "notice and opportunity to be heard." 480 F.3d at 640 (noting that the pleading requirements in the Federal Rules of Civil Procedure "do not compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations, and to affirmatively plead facts in avoidance of such defenses").

---

[1] Plaintiff also maintains that the court erred in calculating the timeliness of his claims (see Mot. for Recons. at 2-3), but he does not point to controlling law or factual matters that contradict the court's conclusions as to the timeliness of Plaintiff's claims.

3

Here, the court dismissed the Complaint based in part on statute of limitations grounds but did so without prejudice and provided Plaintiff "notice and an opportunity to be heard," namely an opportunity to amend his Complaint to explain why his claims are not barred by the applicable limitations periods and to include allegations, if any, that would justify equitable tolling of those limitations periods.[2] (See Mem. & Order at 8.) Cf. Thomas v. City of New York, No. 15-CV-3236 (JG) (CLP), 2015 WL 4897157, at *3 (E.D.N.Y. Aug. 17, 2015) (sua sponte dismissing complaint filed in forma pauperis as time-barred by the statute of limitations but granting plaintiff leave to amend in order to provide plaintiff with an opportunity to explain why his claims are not time-barred); Brant v. City of Syracuse, No. 15-CV-01382, 2015 WL 9598888, at *4 (N.D.N.Y. Dec. 7, 2015), report and recommendation adopted, No. 15-CV-1382, 2016 WL 67718 (N.D.N.Y. Jan. 5, 2016) (sua sponte dismissing complaint without prejudice as time-barred but granting leave to amend in light of plaintiff's pro se status). Accordingly, the court's dismissal was consistent with controlling case law and does not constitute clear error.

**B.     Individual Liability under the LMRA**

Plaintiff further argues that the court erred in holding that he may not bring an LMRA claim against the individually named Defendants. (Mot. for Recons. at 2; see Mem. & Order at 4-5.) Relying on Second Circuit precedent, the court found that a duty of fair representation claim may be stated only against a union and not against individual defendants. (See Mem. & Order at 5.) See also Fowlkes v. Ironworkers Local 40, 790 F.3d 378, 388 n.10 (2d Cir. 2015) (noting that a duty of fair representation cause of action may be stated only against a union and

---

[2] Plaintiff argues that reconsideration is warranted because the court overlooked facts that allege a basis for equitable tolling of the limitations periods. (Mot. for Recons. at 1.) Plaintiff, however, has not pointed to facts that the court supposedly overlooked which would alter its prior conclusions.

4

not against individual defendants) (citing <u>Morris v. Local 819, Int'l Bhd. of Teamsters</u>, 169

F.3d 782, 784 (2d Cir. 1999) (per curiam)); <u>Knight v. Vaugh</u>, No. 15-CV-4995 (PKC), 2015

WL 5826486, at *2-3 (E.D.N.Y. Oct. 6, 2015) ("[A duty of fair representation claim does not lie

against individual defendants; such a claim may be stated only against a union."). Citing <u>Shea v.</u>

<u>McCarthy</u>, 953 F.2d 29 (2d Cir. 1992), Plaintiff argues that while suits against individual

defendants for money damages are barred, it is permissible to seek equitable relief against

individually named union officers under the LMRA. (<u>See</u> Mot. for Recons. at 2.) The holding in

<u>Shea</u> is not as sweeping as Plaintiff suggests, however. <u>Shea</u> authorized a plaintiff to seek

equitable relief pursuant to the LMRA from union officials who allegedly violated a <u>union</u>

<u>constitution</u>. <u>See</u> 953 F.2d at 32. The ruling does not purport to extend to <u>all</u> equitable suits

under the LMRA. Nor did the court address violations of collective bargaining agreements or

the specific duty of fair representation. Accordingly, <u>Shea</u> is not dispositive. Reconsideration of

the court's Memorandum and Opinion on this ground is, therefore, not warranted.[3]

### C.  Labor Management Reporting and Disclosure Act

Plaintiff asserts that, contrary to the court's prior ruling, he pleaded sufficient facts to

support his LMRDA claim. (Mot. for Recons. at 3.) Having again reviewed Plaintiff's

Complaint, the court's prior finding that Plaintiff failed to allege any acts in support of his

LMRDA was not clear error. (<u>See</u> Mem. & Order at 7.)

### D.  Diversity Jurisdiction over State Law Claims

In its Memorandum and Order, the court dismissed Plaintiff's federal law claims and

declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (<u>See</u> <u>id.</u> at 8.)

---

[3] The court directs Plaintiff to clarify in any amended complaint whether he intends to seek only equitable relief
under the LMRA against the individually named Defendants. (<u>See</u> Mot. for Recons. at 2.)

Plaintiff argues that the reconsideration of the Memorandum and Order is warranted because the court failed to address whether there was diversity jurisdiction with respect to the state law claims. (Mot. for Recons. at 3.)  Plaintiff, however, did not properly plead diversity jurisdiction in the Complaint.  Plaintiff alleged that each of the Defendants are residents of the State of New York (see Compl. ¶ 10) but did not plead his own domicile.[4]  "For purposes of diversity jurisdiction, a prisoner's domicile is determined by his pre-incarceration domicile and does not change if the prisoner is transferred to a facility outside of that state."  Urena v. Wolfson, No. 09-CV-1107 (KM) (LB), 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010).  Plaintiff has provided no facts concerning his pre-incarceration domicile, nor does he allege intent to be domiciled in Connecticut, the state of incarceration.[5]  Without such allegations, the court cannot exercise diversity jurisdiction over this action.

## III.    CONCLUSION

As Plaintiff has not presented any compelling reason to reconsider the Memorandum and Order, his Motion for Reconsideration is DENIED.  Plaintiff is granted a final opportunity to submit an amended complaint that addresses the deficiencies identified in the court's July 18, 2016, Memorandum & Order.  Should Plaintiff elect to file an amended complaint, he must do so within 30 days from the date of this Order.  If Plaintiff fails to file an amended complaint within the time allowed, judgment dismissing the action shall enter.  No summons shall issue at this time and all further proceedings shall be stayed for 30 days.

---

[4] The court reiterates that Plaintiff must provide addresses for each defendant named in any amended complaint. (See Mem. & Order at 8.).

[5] The presumption that a prisoner retains his pre-incarceration domicile may be rebutted where a prisoner can show "truly exceptional circumstances which would justify a finding that he has acquired a new domicile at the place of his incarceration." Allen v. Mag-Ent, No. 15-CV-6331 (WFK) (CLP), 2015 WL 8770078, at *3 (E.D.N.Y. Dec. 14, 2015) (citation omitted).

6

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith; therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
      September 16, 2016

NICHOLAS G. GARAUFIS
United States District Judge

7